## Phoenix Loan Association v. Nancy C. Stringham et al.

1. BUILDING AND LOAN ASSOCIATIONS—*Right of Foreign Associations to Enforce Contracts in our Courts.*—In order for a foreign building and loan association to enforce in our courts a contract which would be usurious, unless within the exemption given by our statute to domestic building and loan associations, it must appear that the statute under which such foreign association was organized, is like our own.

2. SAME—*Paid-up Stock—Usury.*—A corporation which, under the guise of a building and loan association, derives its loaning fund in whole or in part by selling paid-up stock, and whose business is such as to make it a mere loaning corporation, though possessing some of the features of a loan association, is not entitled to the protection of our statute exempting contracts of building associations from the usury law.

**Bill to Enforce a Mortgage.**—Trial in the Circuit Court of Morgan County; the Hon. OWEN P. THOMPSON, Judge, presiding. Hearing and decree allowing the defense of usury. Appeal by complainants. Heard in this court at the November term, 1898. Affirmed. Opinion filed February 7, 1899.

On the 27th of May, 1893, John M. Stringham received $3,000 stock in appellant association and a loan of $3,000

from it.   To secure the sum loaned, he and his wife, Nancy C. Stringham, executed and delivered their joint promissory note for $4,500, and a mortgage on real estate in Morgan county, Illinois, to appellant.  .The excess over the $3,000 actually received was for premium bid for the loan.   The $4,500 note was made payable in 100 equal monthly payments of $45 each; $15 being for monthly dues on the $3,000 of stock received, $15 interest due monthly on the loan, and $15 due monthly for premium.

Up to and including the month of June, 1897, the payments were regularly made on the note and also the dues on $500 of stock issued to Stringham in February, 1893, on which no money was borrowed.   On the 4th of August, 1897, Stringham died.   Further payments being refused, a bill to foreclose the mortgage was filed at the May term of the Circuit Court of Morgan County and the widow and heirs of Stringham were made parties defendant.   Appellees interposed usury as a defense.

Upon a hearing the court held that appellant was not such an association as is contemplated by the corporate act of Illinois regulating Homestead Loan Associations; that the note and mortgage were usurious; that appellant was entitled to recover only the sum borrowed with legal interest thereon after deducting what payments had been made on the note and mortgage; and that the withdrawal value of the $500 of stock not borrowed on should be allowed as a credit on the note and mortgage.   Decree was rendered accordingly and this appeal is prosecuted to reverse it.

GEORGE L. MERRILL, attorney for appellant.

It may be conceded as a rule now fully and definitely settled in this State that in the case of a building association, organized under the act of the legislature of this State, providing for the organization of Homestead Associations for the purpose of loaning its funds, only among its members, no interest, premium or fines accruing to it, are usurious. Rhodes v. Mo. Sav. Co., 173 Ill. 624; Holmes v. Smythe, 100 Ill. 413; Freeman v. Ottawa Building, Homestead & Sav-

ings Association, 114 Ill. 182; Winget et al. v. Quincy Building & Homestead Association, 128 Ill. 84.

The same is true under the laws of the State of Missouri. Rev. St. Mo., 1889, Ch. 42, Art. 9, Sec. 2814.

The aim of the corporation, from a purely financial point of view, is so to employ the payments made to it from time to time upon the shares of stock held by its members and in the way of interest, fines or premiums, in short, all its revenue from whatever source, as to bring the value of its capital stock as speedily as possible up to a certain predetermined figure per share; or, what amounts to the same thing, to accumulate a fund sufficient to liquidate every unadvanced share at its fixed par value and at the same time to cancel every advanced share as a complete set-off against and simultaneously with the extinguishment of the obligation given for the advance. Endlich on Bldg. Ass'ns, 2d Ed., Sec. 461, p. 433, 434.

The *lex loci contractus* governs as to the defense of usury, notwithstanding the fact that by the terms of the agreement the debt was to be secured by a mortgage on real property in another State. A contract for the loan of money is governed by the *lex loci contractus*, though the loan be secured by a mortgage on lands in another State.

The security is a mere incident and its locality can not control the rate of interest. Amer. & Eng. Enc. of Law, First Ed., Vol. 3, p. 550; Id., Vol. 27, p. 794; Beach on The Modern Law of Contracts, Vol. 1, Sec. 584.

JOHN A. BELLATTI, attorney for appellees.

The amount reserved for the use of the money borrowed, being at a rate greater than seven per cent per annum, the contract is usurious. Rhodes et al. v. The M. S. & L. Co., 173 Ill. 621.

MR. JUSTICE HARKER delivered the opinion of the court.

In its essential features this case is like one before the Supreme Court of the State at its June term, 1898—Rhodes et al. v. The Missouri Savings and Loan Company, 173 Ill.

621. In that case it was held that in order for a foreign building and loan association to enforce in our courts a contract which would be usurious, unless within the exemption given by our statute to domestic building and loan associations, it must appear that the statute under which such foreign association was organized is like our own. It was further held that a corporation which, under the guise of a building and loan association, derives its loaning fund in whole or in part from paid-up stock, and whose business is such as to make it a mere loaning corporation, though possessing some of the features of a loan association, is not entitled to the protection of the statute exempting contracts of building associations from the usury law.

Appellant is just such an institution as the Missouri Savings and Loan Company. The scope of its business is one which is not authorized by our statute. It is a foreign money-lending concern, seeking business with the citizens of the State under the guise of a building and loan association, and thereby evade the statute to prevent the charging of usurious rates of interest. The Circuit Court, therefore, rightly held that it was not such an association as is contemplated by the laws of this State with reference to homestead loan associations; that the note and mortgage were usurious, and that appellant was entitled to recover no more than the sum actually borrowed with legal interest thereon after deducting the aggregate of monthly payments made.

The finding of the Circuit Court that the sum of $133.50 was due from the appellant on account of the $500 in stock (certificate No. 19,417) on which no money was borrowed, and its application in payment of the note and mortgage, is assigned for error.

We see no merit in the contention that the action of the court was erroneous because the estate of John M. Stringham is yet in process of settlement and the sum due on certificate No. 19,417 is personal property, and as such should be paid to the administrator and not applied in discharge

of the mortgage debt. Had this suit been against John M. Stringham in his life, this set-off would certainly have been allowable against the mortgage debt.

Appellant is not harmed. What difference can it make to it whether the amount is applied in discharge of the mortgage debt or paid to the administrator. The administrator is a party to this suit and if he desired to make any claim to the $133.50, could have done so. The application of the $133.50 to the amount due on the note and mortgage shows the difference between what John M. Stringham owed appellant· and what appellant owed Stringham—the real debt. Seeing no error in the record we affirm the decree. Decree affirmed.